UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————X
                                        X
In re:                               X         Chapter 11
                                        X
BUDDY WARREN, INC.,        X         Case No. 17-11364-SHL
                                        X
        Debtor.                  X
                                        X
————————————————————X

**ORDER PURSUANT TO 11 U.S.C. § 365(A) AND (F) (1) APPROVING THE ASSUMPTION OF THE UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY LOCATED AT 171 CHRYSTIE STREET, NEW YORK, NEW YORK; (2) APPROVING THE ASSIGNMENT OF SUCH LEASE TO 171 CHRYSTIE TENANT LP; AND (3) FIXING THE CURE AMOUNT OWED TO BEH CORP. AND DENYING CERTAIN OTHER MOTIONS AS MOOT**

Upon the motion (the "Motion")[1] of the Debtor and Debtor in Possession, Buddy Warren, Inc., (hereinafter, the "Debtor") pursuant to 11 U.S.C. § 365(a) and (f) to (1) assume the unexpired lease of nonresidential real property located at 171 Chrystie Street, New York, New York; to (2) approve the assignment of such lease to 171 Chrystie Tenant LP; and to (3) fix the cure amount; and after hearing arguments of counsel; *and consistent with the settlement presented and approved by the Court at the hearing on the Motion on October 25, 2017;* and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given and that, except as otherwise ordered herein, no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion to Assume and Assign Unexpired Lease of Nonresidential Real Property is GRANTED as set forth herein.

2.      The Lease between the Debtor as lessee and BEH Corp. as lessor of the nonresidential real property located at 171 Chrystie Street, New York, New York is hereby assumed by the Debtor and assigned to 171 Chrystie Tenant LP (hereinafter, the "Assignee") according to the terms set forth in the Assignment of Commercial Real Property Lease Agreement dated September 12, 2017 (hereinafter, "Assignment Agreement").

3.      The consideration contemplated in the Assignment Agreement is approved.

4.      The Assignee purchased the Lease in "good faith" as that term is used in Section 363(m) of the Bankruptcy Code.

5.      The Lease remains in full force and effect, with all parties to the Lease enjoined from asserting against the Assignee any default, breach, acceleration, assignment fees, increases, or any other fees as a result of the assumption and assignment of the Lease to Assignee.

6.      The sum of $88,000.00 shall be paid to BEH Corp. from the Assignee as full satisfaction of any claim BEH Corp. may have against the Debtor and as satisfaction of all "cure" requirements, in accordance with the terms of the Assignment Agreement.

7.      The sum of $387,000.00 shall be paid to the Debtor Estate by the Assignee as full satisfaction of the Assignee's monetary obligations under the Assignment Agreement.

8.      The Debtor is instructed to vacate the premises located at 171 Chrystie Street, New York, New York by no later than October 31, 2017.

9.      The premises are to be delivered to the Assignee in broom-clean condition.

10. Notwithstanding any other terms of this Order, BEH Corp. reserves all rights and remedies, including the right to file an administrative proof of claim in this case related solely to any damages related to the debtor's vacating of the premises or any violations which may be unknown to the BEH Corp. which have arisen post-petition and pre-turnover of the premises to the Assignee.

11. All non-monetary Cure Costs are satisfied in full.

12. The Motion of BEH Corp. in Support of Order: (1) Compelling the Immediate (A) Payment of Post-Petition Lease Obligations and/or (B) Rejection of Lease and Surrender of Property, or in the Alternative (II) Granting Relief from the Automatic Stay (CM/ECF No. 11) is denied as moot.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: November 1, 2017
       New York, New York

                                      */s/ Sean H. Lane*
                                      HONORABLE SEAN H. LANE
                                      UNITED STATES BANKRUPTCY JUDGE